UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:04CV-50-R

L.D.R., INC.                                                                                         APPELLANT

v.

WARD CORRELL                                                                                  APPELLEE

## MEMORANDUM OPINION

This matter is before the Court on appeal from the Order and Memorandum Opinion of the Honorable Joan L. Cooper, Bankruptcy Judge for the United States Bankruptcy Court for the Western District of Kentucky, entered on January 7, 2004, granting Appellee's Motion for Relief from Stay as well as a denial of Appellant's motion to alter, amend or vacate that order. For the reasons stated below, the Court **DENIES** and **DISMISSES** this appeal.

## BACKGROUND

Appellant L.D.R., Inc. ("LDR") filed a petition for Chapter 11 reorganization in November, 2002. In August, 2003, after disputes about the reorganization plan, the Bankruptcy Court ordered an auction of assets sufficient to satisfy Appellee Correll's claim, which was in the amount of approximately $300,000.00. In September, 2003, LDR hired Sheldon Good & Company Auctions, LLC to conduct a sealed bid auction of real property, pursuant to an Exclusive Listing Agreement, as approved by the Bankruptcy Court. In December, LDR reported to the Bankruptcy Court that only one bid had been received and that it was not accepted. Subsequent to this report, Correll sought relief from the previously-imposed stay,

which the Bankruptcy Court granted.

## ANALYSIS

This Court may review a Bankruptcy Court's decision to grant or deny relief from an automatic stay only for abuse of discretion. *In Re Laguna Associates Ltd. Publishing*, 30 F.3d 734, 737 (6th Cir. 1994) (citing *In Re White*, 851 F.2d 170, 174 (6th Cir. 1988)). The Bankruptcy Court's findings of fact are accepted unless clearly erroneous, and questions of law are reviewed *de novo*. *Id.* Correll sought relief from the stay pursuant to 11 U.S.C. §362(d)(2), which provides that the Bankruptcy Court should grant relief "if the debtor does not have an equity in such property ... and such property is not necessary to an effective reorganization." Judge Cooper modified the stay to grant Correll relief; LDR filed a motion to alter or amend, which Judge Cooper denied, and this appeal followed. LDR bases its appeal of Judge Cooper's decision to lift the stay on (1) its assertion that there was an adequate "equity cushion" to protect Correll's interest in the property; and (2) equitable considerations dictated that the stay remain in place.

LDR cites a number of examples from various other bankruptcy courts holding that equity cushions apparently smaller than the one it asserts exists here were held to be adequate. However, it is not clear that the equity cushion in this case is in fact what LDR represents it to be. Further, given the fact that the decision to grant or deny an automatic stay requires a court to balance a number of factors, even if the Court disagreed with Judge Cooper on the issue of the equity cushion, the Court could not say that decision necessarily constituted an abuse of discretion without a more thorough consideration of the other factors. The equities in this case are also not sufficiently one-sided to cause the Court to find that Judge Cooper abused her discretion in granting the relief from the stay.

## CONCLUSION

For the reasons stated above, the Court **DENIES** and **DISMISSES** this appeal. An appropriate order shall issue.

This is the 21 day of September, 2005.

Thomas B. Russell, Judge
United States District Court